TREATIES AND OTHER INTERNATIONAL ACTS SERIES 03-825

# EXTRADITION

**Treaty Between the**

**UNITED STATES OF AMERICA**

**and PERU**

Signed at Lima July 26, 2001



EXHIBIT C

NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
 evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

**PERU**

**Extradition**

*Treaty signed at Lima July 26, 2001;*
*Transmitted by the President of the United States of America*
*to the Senate May 8, 2002 (Treaty Doc. 107-6,*
*107th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*October 8, 2002 (Senate Executive Report No. 107-12,*
*107th Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*November 14, 2002;*
*Ratified by the President January 23, 2003;*
*Exchange of instruments of ratification at Washington*
*August 25, 2003;*
*Entered into force August 25, 2003.*

EXTRADITION TREATY

BETWEEN

THE UNITED STATES OF AMERICA

AND

THE REPUBLIC OF PERU

2

The United States of America and the Republic of Peru (hereinafter also, the "Contracting States"),

Recalling the Treaty on Extradition Between the United States of America and the Republic of Peru, signed at Lima November 28, 1899, and related agreement of February 15, 1990, done at Cartagena, Colombia;

Desiring to enhance cooperation between the two States in the suppression of crime;

Have agreed as follows:

3

## Article I

### Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State have charged with, found guilty of, or sentenced for, the commission of an extraditable offense.

## Article II

### Extraditable Offenses

1.      An offense shall be an extraditable offense if it is punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

2.      An offense shall also be an extraditable offense if it consists of an attempt or a conspiracy to commit, or association or participation in the commission of, any offense described in paragraph 1.

3.      For the purposes of this Article, an offense shall be an extraditable offense, regardless of:

(a)      whether the laws in the Contracting States place the offense within a different category of offenses or describe the offense by different terminology, so long as the underlying conduct is criminal in both States;

(b)      whether the offense is one for which the laws of the Requesting State require, for the purpose of establishing jurisdiction of its courts, evidence of interstate transportation, or the use of the mails or other facilities affecting interstate or foreign commerce, as elements of the specific offense;  or

(c)      where the offense was committed.

4.      If extradition has been granted for one or more extraditable offenses, it shall also be granted for any other offense specified in the request even if the latter offense is punishable by one year or less of deprivation of liberty, provided that all other requirements for extradition are met.

4

## Article III

### Extradition of Nationals

Extradition shall not be refused on the ground that the  person sought is a national of the Requested State.


## Article IV

### Bases for Denial of Extradition

1.      Extradition shall not be granted:

      (a)     if the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested. However, extradition shall not be precluded by the fact that the authorities in the Requested State have decided not to prosecute the person sought for the same acts for which extradition is requested, or to discontinue any criminal proceedings that have been instituted against the person sought for those acts; or

      (b)     if prosecution of the offense or execution of the penalty is barred by lapse of time under the laws of the Requesting State.

2.      Extradition shall not be granted if the offense for which extradition is requested constitutes a political offense.  For the purposes of this Treaty, the following offenses shall not be considered to be political offenses:

      (a)     a murder or other violent crime against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

      (b)     genocide, as described in the Convention on the Prevention and Punishment of the Crime of Genocide, done at Paris on December 9, 1948;

      (c)     an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution, including, but not limited to:

            (i)     illicit drug trafficking and related offenses, as described in the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, done at Vienna on December 20, 1988;  and

            (ii)     offenses related to terrorism, as set forth in multilateral international agreements to which both Contracting States are parties; and

      (d)     an attempt or conspiracy to commit, or association or participation in the commission of, any of the foregoing offenses.

5

3.      Extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

4.      The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

5.      The executive authority of the Requested State may refuse extradition if the person sought would be tried, or punished as the result of a trial, under extraordinary criminal laws or procedures in the Requesting State.

Article V

Death Penalty

1.      When the offense for which extradition is sought is punishable by death under the laws in the Requesting State and is not punishable by death under the laws in the Requested State, the executive authority of the Requested State may refuse extradition unless the Requesting State provides an assurance that the person sought will not be executed.  In cases in which such an assurance is provided, the death penalty shall not be carried out, even if imposed by the courts in the Requesting State.

2.      Except in instances in which the death penalty applies, extradition shall not be refused, nor conditions imposed, on the basis that the penalty for the offense is greater in the Requesting State than in the Requested State.

Article VI

Extradition Procedures and Required Documents

1.      All requests for extradition shall be made in writing and submitted through the diplomatic channel.

2.      All requests for extradition shall be supported by:

(a)      documents, statements,  or other types of information that describe the identity and probable location of the person sought;

(b)      information describing the facts of the offense and the procedural history of the case;

(c)      the text of the laws describing the essential elements of, and the applicable punishment for, the offense for which extradition is requested;

(d)      the text of the laws indicating that neither the prosecution nor the execution of the penalty are barred by lapse of time in the Requesting State;  and

(e)      the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable.

6

3.      A request for extradition of a person who is sought for prosecution shall also be supported by:

(a)      a copy of the warrant or order of arrest issued by a judge or other competent authority;

(b)      a copy of the charging document; and

(c)      such evidence as would be sufficient to justify the committal for trial of the person if the offense had been committed in the Requested State.

4.      A request for extradition relating to a person who has been found guilty of, or sentenced for, the offense for which extradition is sought shall also be supported by:

(a)      a copy of the judgment of conviction or, if such copy is not available, a statement by a competent judicial authority that the person has been found guilty;

(b)      evidence or information establishing that the person sought is the person to whom the finding of guilt refers; and

(c)      a copy of the sentence imposed, if the person sought has been sentenced, and, if applicable, a statement establishing to what extent the sentence has been carried out.

5.      If the Requested State requires additional evidence or information to enable it to decide on the request for extradition, such evidence or information shall be submitted to it within such time as that State shall require.


Article VII

Translation and Admissibility of Documents

1.      All documents submitted by the Requesting State shall be accompanied by a translation into the language of the Requested State.

2.      The documents that accompany an extradition request shall be admitted as evidence in extradition proceedings if:

(a)      the documents are certified or authenticated by the appropriate accredited diplomatic or consular officer of the Requested State in the Requesting State; or

(b)      the documents are certified or authenticated in any other manner accepted by the laws in the Requested State.

7

## Article VIII

### Provisional Arrest

1.    In case of urgency, the Requesting State may request the provisional arrest of the person sought pending presentation of the request for extradition.  A request for provisional arrest shall be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Peru.

2.    The application for provisional arrest shall contain:

(a)    a description of the person sought;

(b)    the location of the person sought, if known;

(c)    a brief statement of the relevant facts of the case, including, if possible, the time and location of the offense;

(d)    a description of the law or laws violated;

(e)    a statement of the existence of a warrant of arrest, or of a finding of guilt or judgment of conviction, against the person sought; and

(f)    a statement that a request for extradition for the person sought will follow.

3.    The Requesting State shall be notified without delay of the disposition of its application for provisional arrest and the reasons for any denial of such application.

4.    A person who is provisionally arrested may be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the request for extradition and the supporting documents required in Article VI.

5.    The discharge from custody of the person sought pursuant to paragraph 4 of this Article shall not be an obstacle to the rearrest and extradition of that person if the extradition request is received later.

8

## Article IX

### Decision on the Extradition Request and Surrender of the Person Sought

1.  The Requested State shall process the request for extradition in accordance with the procedures set forth in its law and this Treaty, and shall promptly notify the Requesting State, through the diplomatic channel, of its decision regarding such request.

2.  If extradition is granted, the Contracting States shall agree on the time and place for the surrender of the person sought.  If that person is not removed from the territory of the Requested State within the time prescribed by the law of that State, if any, that person may be discharged from custody, and the Requested State may thereafter refuse extradition for the same offense.

3.  If unforeseen circumstances prevent the surrender of the person sought, the affected Contracting State shall inform the other State, and such States shall agree on a new date for the surrender, consistent with the laws of the Requested State.

4.  If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial and, upon request, shall provide copies of pertinent decisions.

## Article X

### Deferred and Temporary Surrender

1.  The Requested State may postpone the extradition proceedings against, or the surrender of, a person who is being prosecuted or who is serving a sentence in that State.  The postponement may continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.  The Requested State shall notify the Requesting State as soon as possible of any postponement pursuant to this paragraph.

2.  If extradition is granted in the case of a person who is being proceeded against or is serving a sentence in the Requested State, such State may, in exceptional cases, temporarily surrender the person sought to the Requesting State exclusively for the purpose of prosecution.  The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.

9

## Article XI

### Concurrent Requests

If the Requested State receives requests from the other Contracting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State it will surrender the person. In making its decision, the Requested State shall consider all relevant factors, including the following:

(a)     whether the requests were made pursuant to treaty;

(b)     the place where each offense was committed;

(c)     the respective interests of the requesting States;

(d)     the gravity of each offense;

(e)     the possibility of further extradition between the requesting States; and

(f)     the chronological order in which the requests were received by the Requested State.

## Article XII

### Seizure and Surrender of Property

1.     To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense for which extradition is granted. The items mentioned in this Article may be surrendered even when the extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2.     The Requested State may defer the surrender of the items described in paragraph 1 of this Article for such time as it is deemed necessary for an investigation or proceeding in that State. The Requested State may also surrender such items on condition that they be returned to that State as soon as practicable.

3.     The rights of the Requested State or of third parties in such items shall be duly respected.

10

## Article XIII

### Rule of Speciality

1.  A person extradited under this Treaty may not be detained, tried, or punished in the Requesting State except for:

    (a)   an offense for which extradition was granted, or a differently denominated offense, provided that such differently denominated offense:

        (i)   is based on the same facts on which extradition was granted, and would itself be an extraditable offense; or

        (ii)   is a lesser included offense of an offense for which extradition was granted;

    (b)   an offense committed after the extradition of the person; or

    (c)   an offense for which the executive authority of the Requested State consents to the person's detention, trial, or punishment.  For the purpose of this subparagraph:

        (i)   the Requested State may require the submission of the documents specified in Article VI; and

        (ii)   the person extradited may be detained by the Requesting State for 90 days, or for such longer period of time as the Requested State may authorize, while the request is being processed.

2.  A person extradited under this Treaty may not be extradited to a third State for an offense committed prior to such person's surrender unless the surrendering State consents.

3.  Paragraphs 1 and 2 of this Article shall not prevent the detention, trial, or punishment of an extradited person, or the subsequent extradition of that person to a third State, if that person:

    (a)   leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

    (b)   does not leave the territory of the Requesting State within 10 days of the day on which that person is free to leave.

11

## Article XIV

### Simplified Procedure for Surrender

If the person sought consents to surrender to the Requesting State, the Requested State may surrender the person as expeditiously as possible without further proceedings.

## Article XV

### Transit

1.      Either Contracting State may authorize, upon request of the other Contracting State, transit through its territory of a person surrendered to such other State by a third State.  A request for transit shall be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Peru.  Such request shall contain a description and identification of the person being transported and a brief statement of the facts of the case.  A person in transit may be detained in custody during the period of transit.

2.      No authorization shall be required if one Contracting State is transporting a person surrendered to it by a third State using air transportation and no landing is scheduled on the territory of the other Contracting State.  If an unscheduled landing occurs on the territory of a Contracting State, that State may require a transit request as provided in paragraph 1 of this Article.  If required, any such request shall be provided within ninety-six (96) hours of the unscheduled landing.  The Contracting State in which the unscheduled landing occurs may detain the person to be transported until the transit is effected.

## Article XVI

### Representation and Expenses

1.      The Requested State shall advise, assist, appear in court on behalf of, and represent the interests of the Requesting State in any proceedings arising out of a request for extradition.

2.      The Requesting State shall bear the expenses related to the translation of documents and the transportation to that State of the person sought.  The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3.      Neither Contracting State shall make any pecuniary claim against the other State arising out of the arrest, detention, custody, examination, or surrender of persons sought under this Treaty.

12

## Article XVII

### Consultation

The United States Department of Justice and the Ministry of Justice of the Republic of Peru may consult with each other directly in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

## Article XVIII

### Application

The provisions of this Treaty shall apply from the date of its entry into force:

    (a)    to pending extradition requests for which a final decision has not yet been rendered; and

    (b)    to extradition requests initiated subsequent to such entry into force, even if the crimes were committed prior to that date, provided that at the time of their commission they constituted offenses under the laws in both Contracting States.

13

Article XIX

Final Clauses

1.      This Treaty shall be subject to ratification, and will enter into force upon exchange of the instruments of ratification.  The instruments of ratification shall be exchanged as soon as possible.

2.      Upon the entry into force of this Treaty, the Treaty on Extradition Between the United States of America and the Republic of Peru, signed at Lima November 28, 1899, and related agreement of February 15, 1990, done at Cartagena, Colombia, shall become null and void.

3.      Either Contracting State may terminate this Treaty when it deems such action appropriate by giving written notice thereof to the other Contracting State.  The termination shall be effective six months after the date of such notice.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective governments, have signed this Treaty.

DONE in duplicate, at Lima, in the English and the Spanish languages, both texts being equally authentic, this 26th day of July , 2001.

FOR THE  UNITED STATES                    FOR THE REPUBLIC
OF AMERICA:                                          OF PERU:

# TRATADO DE EXTRADICION ENTRE LOS ESTADOS UNIDOS DE AMERICA Y LA REPUBLICA DEL PERU

Los Estados Unidos de América y la República del Perú, en lo sucesivo también "los Estados Contratantes",

Recordando el Tratado de Extradición entre los Estados Unidos de América y la República del Perú, firmado en Lima el 28 de noviembre de 1899 y el Acuerdo Complementario suscrito el 15 de febrero de 1990 en Cartagena, Colombia;

Deseando intensificar la cooperación entre los dos Estados en la represión del delito;

Han acordado lo siguiente:

## ARTICULO I

### OBLIGACION DE EXTRADITAR

Los Estados Contratantes convienen en extraditar recíprocamente, de acuerdo con las disposiciones del presente Tratado, a personas que estén procesadas o hayan sido declaradas culpables o condenadas por las autoridades del Estado requirente con motivo de la comisión de un delito que da lugar a la extradición.

## ARTICULO II

### DELITOS QUE DAN LUGAR A LA EXTRADICION

1.- Darán lugar a la extradición los delitos punibles con pena máxima privativa de la libertad superior a un año o una pena más grave, conforme a la legislación de ambos Estados Contratantes.

2.- También darán lugar a la extradición la tentativa en la comisión de los delitos a que se hace referencia en el párrafo 1, la confabulación o agrupación destinada a cometerlos, así como la participación y asociación en los mismos.

3.-     Para efectos del presente Artículo, un delito dará lugar a la extradición independientemente de:

    a. que las leyes de los Estados Contratantes clasifiquen el delito en diferente categoría, o lo tipifiquen con distinta terminología; siempre que la conducta subyacente sea delictiva en ambos Estados;

    b. que las leyes del Estado requirente exijan para habilitar la jurisdicción de sus tribunales pruebas de transporte interestatal, o del uso del correo u otros medios que afecten el comercio interestatal o internacional, como elementos constitutivos del delito específico; o

    c. el lugar donde se cometió el delito.

4.-     Concedida la extradición por un delito o delitos que dan lugar a la misma, también se la concederá por cualquier otro especificado en la solicitud, aún cuando éste fuere punible con pena privativa de libertad de un año o menos, a condición que reúna los demás requisitos para la extradición.

## ARTICULO III

### EXTRADICION DE NACIONALES

    La extradición no será denegada por razón que la persona reclamada sea nacional del Estado requerido.

## ARTICULO IV

### MOTIVOS PARA DENEGAR LA EXTRADICION

1. La extradición no será concedida:

    a.- si la persona reclamada hubiere sido condenada o absuelta en el Estado requerido por el delito objeto de la solicitud de extradición. Sin embargo, no impedirá la extradición el hecho que las autoridades del Estado requerido hubieran decidido no procesar a la persona reclamada por los mismos hechos por los cuales se solicita la extradición, o no continuar cualquier procedimiento penal incoado contra la persona reclamada por esos mismos hechos; o

    b.- si el delito o la pena hubiera prescrito con arreglo a la legislación del Estado requirente.

2.	La extradición tampoco será concedida si el delito por el cual se solicita la extradición constituye un delito político.

Para los efectos del presente Tratado, no se considerarán delitos políticos:

a. asesinato u otro delito violento contra la persona del Jefe de Estado de uno de los Estados Contratantes, o de miembros de su familia;

b. el genocidio, según se contempla en la Convención sobre la Prevención y Pena del Delito de Genocidio, hecha en París, el 9 de diciembre de 1948;

c. delitos con relación a los cuales ambos Estados Contratantes tienen la obligación, en virtud de algún acuerdo multilateral internacional, de extraditar a la persona reclamada o de remitir el caso a sus autoridades competentes para que decidan sobre su procesamiento, incluidos, entre otros:

(i.) tráfico ilícito de drogas y delitos relacionados según se contempla  en el Convenio de la Naciones Unidas Contra el Tráfico Ilícito de Estupefacientes y Substancias Sicotrópicas, hecho en Viena, el 20 de diciembre de 1988; y,

(ii.) los delitos relacionados con el terrorismo, según se contempla en los acuerdos multilaterales internacionales vigentes para ambos Estados Contratantes; y

d. la tentativa para cometer cualquiera de los antedichos delitos, la confabulación o agrupación destinada a cometerlo, así como la participación o asociación para su perpetración.

3.	La extradición no será concedida si la Autoridad Ejecutiva del Estado requerido determina que la solicitud fue presentada por motivos políticos.

4.	La Autoridad Ejecutiva del Estado requerido podrá denegar la extradición por delitos previstos en la legislación militar que no estén tipificados en la legislación penal ordinaria.

5.	La Autoridad Ejecutiva del Estado requerido podrá denegar la extradición si la persona reclamada habrá de ser juzgada o sancionada como resultado de un proceso en el Estado requirente con arreglo a normatividad penal o procesal penal extraordinaria.

## ARTICULO V

### PENA DE MUERTE

1.     Si el delito por el que se solicita la extradición fuere punible con la pena de muerte conforme a la legislación del Estado requirente y no fuere punible con esa pena de acuerdo con la legislación del Estado requerido, la Autoridad Ejecutiva del Estado requerido podrá denegar la extradición a menos que el Estado requirente dé garantía de que la persona reclamada no será ejecutada. En los casos en que se brinde tal garantía, no se ejecutará la pena de muerte aunque la impongan los tribunales del Estado requirente.

2.     Salvo en los casos de pena de muerte, la extradición no será denegada, ni se impondrán condiciones, en virtud de que la pena por el delito en cuestión es más severa en el Estado requirente que en el Estado requerido.


## ARTICULO VI

### SOLICITUD DE EXTRADICION Y DOCUMENTACION REQUERIDA

1.     La solicitud de extradición será formulada en todos los casos por escrito y remitida por conducto diplomático.

2.     La solicitud de extradición irá acompañada en todos los casos por:

   a. los documentos, declaraciones u otro tipo de información que describan la identidad y probable paradero de la persona reclamada;

   b. exposición de los hechos delictivos y la historia procesal del caso;

   c. textos de las disposiciones legales que tipifiquen el delito por el cual se solicita la extradición, y las penas correspondientes;

   d. textos de las disposiciones legales que indiquen que ni la acción penal ni la pena han prescrito en la Parte requirente; y

   e. los documentos, declaraciones, u otro tipo de información especificada en el numeral 3 o 4 de este Artículo, según corresponda.

3.    La solicitud de extradición que se refiera a una persona reclamada para ser procesada por un delito deberá también ir acompañada de:

a. una copia del mandamiento u orden de detención emanado de un juez u otra autoridad competente;

b. una copia del documento de imputación; y

c. las pruebas que serían suficientes para justificar la remisión de la persona reclamada a los tribunales si el delito hubiese sido cometido en el Estado requerido.

4.    Si la solicitud de extradición se refiriese a una persona declarada culpable o condenada por el delito por el cual se solicita la extradición, la solicitud deberá también ir acompañada de:

a. copia del fallo condenatorio o, si tal no existiese, constancia dictada por autoridad judicial competente que la persona reclamada ha sido declarada culpable;

b. pruebas o informaciones que demuestren que la persona reclamada es la misma a quien se refiere la declaración de culpabilidad; y

c. si la persona reclamada ha sido condenada, copia de la sentencia dictada, y si fuere el caso, constancia de la parte de la condena que ha sido cumplida.

5.    Si el Estado requerido solicitase pruebas o informaciones adicionales para decidir acerca de la solicitud de extradición, dichas pruebas o informaciones deberán presentarse en el plazo fijado por ese Estado.

## ARTICULO VII

### TRADUCCION Y ADMISIBILIDAD DE LA DOCUMENTACION

1.    Todos los documentos presentados por el Estado requirente deberán ir acompañados de una traducción al idioma del Estado requerido.

2.    Los documentos que acompañen la solicitud de extradición se admitirán como prueba en el proceso de extradición cuando:

a. se encuentren certificados o legalizados por el agente diplomático o consular correspondiente del Estado requerido acreditado en el Estado requirente; o

b. se encuentren certificados o legalizados de cualquier otra forma aceptada por la legislación del Estado requerido.

## ARTICULO VIII

## DETENCION PREVENTIVA

1. En casos de urgencia, el Estado requirente podrá solicitar la detención preventiva de la persona reclamada en tanto se presente la solicitud de extradición. La solicitud de detención preventiva deberá tramitarse por conducto diplomático, o directamente entre el Departamento de Justicia de los Estados Unidos de América y el Ministerio de Justicia de la República del Perú.

2. La solicitud de detención preventiva contendrá:

a. una descripción de la persona reclamada;

b. el paradero de la misma, si se conociere;

c. breve exposición de los hechos relevantes al caso, entre ellos, si fuera posible, fecha y lugar del delito;

d. detalle de la ley o leyes infringidas;

e. declaración de la existencia de un mandamiento de detención, de resolución de culpa, o de fallo condenatorio contra la persona reclamada; y

f. declaración que la solicitud de extradición se presentará posteriormente.

3. El Estado requirente será notificado inmediatamente de la resolución sobre la solicitud de detención preventiva y las razones de cualquier negativa acerca de esta solicitud.

4. La persona detenida preventivamente podrá ser puesta en libertad si la Autoridad Ejecutiva del Estado requerido, vencido el plazo de sesenta días a partir de la fecha de la detención preventiva de acuerdo a este Tratado, no hubiera recibido la solicitud de extradición y los documentos justificativos previstos en el Artículo VI.

5. La disposición de libertad de la persona reclamada en virtud del párrafo 4 de este Artículo no impedirá que esa persona sea nuevamente detenida y su extradición sea concedida en caso de que posteriormente se reciba la correspondiente solicitud.

## ARTICULO IX

### DECISION RELATIVA A LA SOLICITUD DE EXTRADICION
### Y ENTREGA DE LA PERSONA RECLAMADA

1. El Estado requerido tramitará la solicitud de extradición de conformidad con el procedimiento establecido en su legislación así como en este Tratado, y comunicará sin demora al Estado requirente, por la vía diplomática, la decisión que adopte respecto a tal solicitud.

2. Concedida la extradición, los Estados Contratantes convendrán la fecha y el lugar para la entrega de la persona reclamada. Si esta persona no hubiese sido trasladada del Estado requerido en el plazo establecido por su legislación, si lo hubiere, podrá ser puesta en libertad, pudiendo el Estado requerido posteriormente denegar la extradición por el mismo delito.

3. En caso que circunstancias imprevistas impidan la entrega de la persona reclamada, el Estado Contratante afectado informará al otro Estado, y se acordará una nueva fecha para la entrega, en armonía con la legislación del Estado requerido.

4. Denegada la extradición, total o parcialmente, el Estado requerido proporcionará una explicación fundamentada de su negativa y, a solicitud del Estado requirente, remitirá copia de la resolución pertinente.


## ARTICULO X

### ENTREGA DIFERIDA O TEMPORAL

1. El Estado requerido podrá aplazar el proceso de extradición o la entrega de una persona contra quien se haya incoado procedimiento judicial o que esté cumpliendo una condena en ese Estado. El aplazamiento podrá prolongarse hasta que haya concluido el procedimiento judicial de la persona reclamada o hasta que ésta haya cumplido la condena, si la hubiera. El Estado requerido dará aviso al Estado requirente, a la brevedad posible, de cualquier aplazamiento de conformidad con este párrafo.

2. Concedida la extradición de una persona contra quien se haya incoado procedimiento judicial o que esté cumpliendo una condena en el Estado requerido, dicho Estado podrá, en casos excepcionales, entregar temporalmente a la persona reclamada al Estado requirente, exclusivamente para fines del desarrollo del procedimiento penal. La persona así entregada permanecerá bajo custodia en el Estado requirente y será devuelta al Estado requerido a la conclusión del procedimiento incoado contra ella, de conformidad con las condiciones establecidas entre los Estados Contratantes.

## ARTICULO XI

### CONCURRENCIA DE SOLICITUDES

Si el Estado requerido recibiera solicitudes del otro Estado Contratante y de Terceros Estados para la extradición de la misma persona, sea por el mismo delito o por delitos distintos, la Autoridad Ejecutiva del Estado requerido decidirá a cual Estado entregará a la persona. Con el fin de realizar dicha determinación, el Estado requerido tomará en consideración todos los factores relevantes, incluyendo los siguientes:

    a. si las solicitudes fueron realizadas con arreglo a un tratado;

    b. el lugar donde se cometió cada delito;

    c. los intereses respectivos de los Estados requirentes;

    d. la gravedad de cada delito;

    e. la posibilidad de extradiciones posteriores entre los Estados requirentes; y

    f. el orden cronológico en el cual las solicitudes fueron recibidas por el Estado requerido.


## ARTICULO XII

### INCAUTACION Y ENTREGA DE BIENES

1.    Dentro del límite permitido por la legislación del Estado requerido, éste podrá incautar y entregar al Estado requirente todos los objetos, documentos y pruebas concernientes al delito respecto del cual se concede la extradición. La entrega de los mismos podrá ser efectuada inclusive si la extradición no pudiera llevarse a cabo por muerte, desaparición o fuga de la persona reclamada.

2.    El Estado requerido podrá aplazar la entrega de los bienes indicados en el párrafo anterior, por el tiempo que se considere necesario para una investigación o un procedimiento en dicho Estado. También, podrá entregarlos al Estado requirente a condición de que le sean devueltos a la brevedad posible.

3.    Quedan a salvo los derechos del Estado requerido o de terceros sobre los bienes entregados.

# ARTICULO XIII

## PRINCIPIO DE ESPECIALIDAD

1.    La persona extraditada conforme al presente Tratado no podrá ser detenida, procesada, ni sancionada, salvo que se trate de:

a. un delito por el que se haya concedido la extradición, o un delito diferente siempre que este último:

(i). esté constituido por los mismos hechos por los que se concedió la extradición y esté comprendido dentro de los delitos que dan lugar a la extradición; o

(ii). constituya un delito de menor gravedad comprendido dentro del delito por el cual se concedió la extradición;

b. un delito cometido con posterioridad a la extradición de la persona;

c. un delito con respecto al cual la Autoridad Ejecutiva del Estado requerido consienta en la detención, procesamiento, o sanción de la persona. A efectos del presente inciso:

(i). el Estado requerido podrá exigir la remisión de los documentos referidos en el Artículo VI; y

(ii). la persona extraditada podrá ser detenida por el Estado requirente durante 90 días, o un lapso mayor si el Estado requerido lo autorizara, en tanto se tramite la solicitud.

2.    La persona extraditada bajo las disposiciones de este Tratado no podrá ser extraditada a un tercer Estado por un delito cometido con anterioridad a su entrega, salvo consentimiento del Estado que haya efectuado la entrega.

3.    Las disposiciones de los párrafos 1 y 2 de este Artículo no impedirán la detención, el procesamiento o sanción de la persona extraditada, o su posterior extradición a un tercer Estado, si esta persona:

a. abandonara el territorio del Estado requirente luego de la extradición y retornara voluntariamente a dicho territorio; o

b. no abandonara el territorio del Estado requirente en el plazo de 10 días a partir de la fecha en que estuvo en libertad de hacerlo.

## ARTICULO XIV

### PROCEDIMIENTO SIMPLIFICADO DE ENTREGA

Si la persona reclamada consiente en su entrega al Estado requirente, el Estado requerido podrá entregarla a la brevedad posible, sin más trámite.

## ARTICULO XV

### TRANSITO

1.    Cualquiera de los Estados Contratantes podrá autorizar, a solicitud del otro Estado, el tránsito a través de su territorio, de una persona entregada a ese otro Estado por un tercer Estado. La solicitud de tránsito deberá comunicarse por conducto diplomático o directamente entre el Departamento de Justicia de los Estados Unidos de América y el Ministerio de Justicia de la República del Perú. Dicha solicitud expresará la descripción y filiación de la persona transportada y una breve relación de las circunstancias del caso. La persona en tránsito podrá estar detenida bajo custodia durante el período de tránsito.

2.    No se requerirá autorización si uno de los Estados Contratantes está transportando a una persona entregada a éste por un tercer Estado utilizando transporte aéreo sin haberse previsto aterrizaje en el territorio del otro Estado Contratante. En caso de aterrizaje no programado en el territorio de uno de los Estados Contratantes, éste podrá exigir la presentación de una solicitud de tránsito, de acuerdo a lo dispuesto en el párrafo 1 del presente Artículo. Si fuera exigida, dicha solicitud deberá ser remitida en el plazo de noventa y seis horas contadas a partir del aterrizaje no programado. El Estado en el cual se produzca el aterrizaje no programado podrá detener a la persona que está siendo trasladada, hasta tanto se efectúe el tránsito.

## ARTICULO XVI

### REPRESENTACION Y GASTOS

1.    El Estado requerido deberá aconsejar y asistir al Estado requirente, así como presentarse al tribunal en nombre de éste y representar sus intereses en cualquier procedimiento que emane de una solicitud de extradición.

2    El Estado requirente sufragará los gastos relativos a la traducción de documentos y al traslado de la persona reclamada a ese Estado. El Estado requerido sufragará todos los demás gastos en ese Estado relacionados con los procedimientos de extradición.

3    Ninguno de los Estados Contratantes presentará reclamos pecuniarios contra el otro derivados del arresto, detención, custodia, interrogatorios o entrega de las personas reclamadas en virtud del presente Tratado.


## ARTICULO XVII

## CONSULTA

El Departamento de Justicia de los Estados Unidos de América y el Ministerio de Justicia de la República del Perú podrán consultarse mutuamente en forma directa, con relación a la tramitación de los casos y al mantenimiento y mejoramiento de los procedimientos para la implementación del presente Tratado.


## ARTICULO XVIII

## APLICACIÓN

Las disposiciones de este Tratado se aplicarán desde el día de su vigencia:

a. a las solicitudes de extradición que se encuentren en trámite y sobre las cuales aún no hubiera recaído resolución definitiva; y

b. a las solicitudes de extradición que se inicien con posterioridad a dicha vigencia aunque los delitos se hayan cometido con anterioridad, siempre que en la fecha de su comisión tuvieran carácter de delito en la legislación de ambos Estados Contratantes.


## ARTICULO XIX

## DISPOSICIONES FINALES

1.    El presente Tratado estará sujeto a ratificación, y entrará en vigencia al efectuarse el canje de los instrumentos de ratificación. Dichos instrumentos de ratificación se canjearán a la mayor brevedad posible.

2.    Al entrar en vigencia el presente Tratado, quedará sin efecto el Tratado de Extradición entre los Estados Unidos de América y la República del Perú, firmado en Lima el 28 de noviembre de 1899 y el Acuerdo Complementario suscrito el 15 de febrero de 1990 en Cartagena, Colombia.

3.      Cualquiera de los Estados Contratantes podrá denunciar el presente Tratado cuando lo juzgue conveniente, previa notificación escrita al otro Estado. La denuncia surtirá efecto seis meses después de la fecha de dicha notificación.

En testimonio de lo cual, los suscritos, debidamente autorizados por sus respectivos Gobiernos, han firmado el presente Tratado.

Hecho en Lima, a los veinticinco días del mes de julio de dos mil uno, en dos originales, en idioma Castellano e Inglés, siendo ambos textos igualmente válidos.

Por los Estados Unidos de               Por la República del Perú
América